# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| JASON M. COX, ESTEVAN, CASTILLO, LEO THOMAS TOOKES, JR, and ALESIA LEWIS-VINSON, Individually, and on behalf of all others similarly situated, | CIVIL ACTION NO. |
| Plaintiffs, | 4:11-cv-00177-CDL |
| vs. | |
| COMMUNITY LOANS OF AMERICA, INC., ET. AL., | CLASS ACTION |
| Defendants, | |

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, DIRECTING THE ISSUANCE OF CLASS NOTICE AND SCHEDULING A FINAL FAIRNESS HEARING

Plaintiffs and Defendants having made a joint motion for preliminary approval of the Settlement Agreement and Release (hereinafter "Settlement Agreement") between the Class and Defendants, and the Court having read and considered the Settlement Agreement, including the exhibits attached thereto and having considered all proceedings in this case, and good cause appearing based on the record,

IT IS ORDERED that:

1. Having considered the Settlement Agreement, together with its exhibits, the Court finds, upon preliminary review, that the proposed Settlement is fair, reasonable, and adequate and warrants providing notice of the proposed Settlement to the Class, and accordingly it is preliminarily approved.

2. The proposed Notice Program, Direct Mail Notice, Published Notice, and Claim Form contained in and attached to the Settlement Agreement as its exhibits satisfy the requirements of Fed.R.Civ.P. 23(e)(1) and are hereby approved. Non-material changes to the Notice Program, Direct Mail Notice, and Published Notice may be made without further Order of the Court. Class Counsel and the Settlement Administrator are directed to implement the Notice Program on or before the Notice Deadline in substantial compliance with Section IV of the Settlement Agreement.

3. More specifically, the Court finds that the manner and content of notice specified in Section IV of the Settlement Agreement and its Exhibits satisfy the requirements of due process and; (a) will constitute the best practicable notice to the Class; (b) are reasonably calculated to apprise Class Members of the terms of the proposed Settlement and their rights thereunder, including their right to object

to the Settlement and other rights under the Settlement Agreement; and (c) constitute due, reasonable, adequate and sufficient notice to Class Members and satisfy all applicable legal requirements, including Fed.R.Civ.P. 23(e). The Court specifically finds that the Direct Mail Notice and Published Notice are written in plain language and will be readily understandable by Class Members and will provide Class Members with knowledge of the terms of the proposed Settlement, the opportunity for previously unidentified Class Members to submit a Claim Form, the opportunity for Class Members to object to the Settlement and Class Counsels' applications for Attorneys' Fees and for Honorarium to Class Representatives, and attend the Fairness Hearing. The Settlement Administrator appointed below shall distribute such notice by **JUNE 13, 2016**.

4. The Court appoints Garden City Group, LLC as Settlement Administrator with those responsibilities set out in Section II.E.1. of the Settlement Agreement. The Settlement Administrator's fees and expenses will be paid from the Settlement Fund as authorized in Section II.E.2. of the Settlement Agreement. The Court further preliminarily approves the administration of the proposed Settlement in the manner set forth in the Settlement Agreement.

5. The Court preliminarily approves the Distribution Plan established in Sections II E and F, including the methodology specified in the Settlement Agreement as a basis for distributing the Settlement Fund to Eligible Class Members and determining the validity of claims submitted by previously unidentified Class Members. If the Court grants final approval to the Settlement, Class Members who are required but fail to submit a Claim Form pursuant to Section II.F(1)(c) of

the Settlement Agreement by the Claim Deadline shall be forever barred from receiving Settlement Relief, but will in all other respects be subject to and bound by the provisions of the Settlement Agreement, including the Release contained therein, and the Final Order Approving Settlement.

6. A Fairness Hearing shall be held by this Court on **OCTOBER 6, 2016** at 10 a.m., before the Honorable Clay D. Land in the United States District Courthouse, 2nd Floor, 120 12th Street, Columbus, Georgia to consider and finally determine:

   a. Whether the Settlement should be finally approved by the Court as fair, reasonable, and adequate;

   b. Whether Attorneys' Fees, should be awarded to Class Counsel and Honorarium should be awarded to Class Representatives, as provided in the Settlement Agreement; and

   c. Objections, if any, made to the Settlement or any of its terms.

   The motion for final approval of the Settlement and Class Counsel's applications for Attorneys' Fees and Honorarium shall be filed with the Court by **JULY 7, 2016**. The Fairness Hearing described in this paragraph may be postponed, adjourned, or continued by order of the Court.

7. A Class Member who complies with the requirement of this paragraph may object to the Settlement and Class Counsel's applications for Attorneys' Fees and Honorarium for Class Representatives.

   A. Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of Attorneys' Fees, or Honorarium must serve a written objection on Class Counsel and Defendants' Counsel and file with the Court no later than **JULY 28, 2016** (the "Objection Deadline"). Written

objections must include: (i) the objector's name, address, email address, and telephone number; (ii) the name of this case and the case number; (iii) a statement of each objection; (iv) an explanation detailing the specific reasons, if any, for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s), including a list of any and all persons who will or may be called to testify in support of the objection; and (iv) the objector's and counsel's, if applicable, signature on the written objection.  If the objection is presented through counsel, the written objection must also include: (v) the identity of all counsel representing the objector; (vi) the number of times in which the objectors' counsel and/or counsel's law firm have objected to a class action settlement within five (5) years preceding the date on which the objector or counsel serves the objection, the caption of the case in which such objection was made, and a copy of any orders relating to such prior objections. (vii) the identity and number of Class Members represented by objector's counsel; (viii) the number of such represented Class Members who have opted-out of the Settlement; and (ix) the number of such represented Class Members who have not objected.  Objecting Class Members must also make themselves available for deposition by Class Counsel in Columbus, Georgia, between the time the objection is filed and the date of the Fairness Hearing, and the objection must include the date when the objecting Class Member will so present for deposition.

B. Any Class Member who files and serves a written objection by the Objection Deadline may appear at the Fairness Hearing, either in person or

through counsel hired at the Class Member's personal expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of Attorneys' Fee or Honorarium. Class Members, or their counsel, intending to make an appearance at the Fairness Hearing must deliver to Class Counsel and Defendants' Counsel, and file with the Court, no later than **SEPTEMBER 21, 2016**, a Notice of Intention to Appear. The Notice of Intention to Appear must: (i) state how much time the Class Member and/or their counsel anticipates needing to present the objection; (ii) identify, by name, address, telephone number and summary of testimony, all witnesses from whom the Class Member and/or their counsel intends to present any testimony; and (iii) identify all exhibits the Class Member and/or their counsel intends to offer in support of the objection and attach complete copies of all such exhibits. By **SEPTEMBER 29, 2016** the Parties shall file responses, if any, to any objections and replies in support of the applications for Attorneys' Fees and Honorarium.

      C.      Any Class Member who fails to serve and file an objection by the Objection Deadline or otherwise to comply with the provisions of the preceding Paragraphs A and B shall waive and forfeit any and all rights he or she may have to appear separately and/or object, and shall be bound by the Order of Dismissal Without Prejudice and the Final Order Approving Settlement if the Court approves the Settlement and by all proceedings, orders, and judgments in this Action.

8. Defendants' Counsel, Class Counsel, and any other counsel for Class Representatives or the Class, shall promptly furnish to all other counsel copies of any objection that comes into such counsel's possession.

9. If the Settlement is finally approved, the Court shall enter the Order of Dismissal Without Prejudice followed by the Final Order Approving Settlement approving the Settlement in the forms attached to the Settlement Agreement, which Order of Dismissal Without Prejudice and Final Order Approving Settlement shall be binding upon all Class Members who have not previously opted-out and all Defendants.

10. The form of the notice of proposed class action settlement, together with the attachments thereto, Defendants propose to issue pursuant to 28 U.S.C. §1715 (the "CAFA Notice") is approved and the Court finds that upon mailing the CAFA Notice in the time and manner described in the Motion for Preliminary Approval of Settlement Agreement and Release Defendants complied with 28 U.S.C. §1715.

11. In the event that the proposed Settlement is not approved by the Court, or entry of the Order of Dismissal Without Prejudice or the Final Order Approving Settlement as provided in the Settlement Agreement does not occur for any reason, or if the Settlement Agreement is terminated in accordance with Section X.C. thereof, then the Settlement Agreement, all drafts, negotiations, discussions, and documentation relating thereto, and all orders entered by the Court in connection therewith, shall become null and void, and shall not be used or referred to for any purpose in this Action or in any other proceeding.  In such

event, the Settlement Agreement and all negotiations and proceedings relating thereto shall be deemed withdrawn without prejudice to the rights of any of the Parties thereto, who shall be restored to their respective positions as of the date of the execution of the Settlement Agreement.

SO ORDERED THIS  3rd DAY OF JUNE, 2016.

                    s/Clay D. Land
                    CLAY D. LAND
                    CHIEF U.S. DISTRICT COURT JUDGE
                    MIDDLE DISTRICT OF GEORGIA